## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RPM PLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **CONSENT PROTECTIVE ORDER** |
| | ) | |
| vs. | ) | |
| | ) | **File No.: 5:14-cv-00050** |
| JOE TEX XPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This Consent Protective Order is entered based on the consent of Plaintiff RPM Plastics, LLC ("*Plaintiff*"), and Defendant Joe Tex Xpress, Inc. ("*Defendant*") in this matter (each a "*Party*" and collectively the "*Parties*").

WHEREAS, the Parties wish to engage in discovery in this action, which requires the production of documents and information by the Parties and third parties;

WHEREAS, it appears that the discovery process in this action may involve the production of information by the Parties or third parties that a Party may contend is confidential and/or proprietary and that good cause exists for the entry of an order limiting the disclosure of such information;

WHEREAS, the Parties desire to establish a procedure regarding the protection of certain documents and information so that discovery may proceed in an orderly and expedited manner;

Based upon the foregoing, and for good cause shown, **IT IS HEREBY ORDERED** that:

1. Any Party may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "**Confidential Information**." Such a designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, commercial or business information, personnel information or other information of

a non-public nature considered by the producing Party to be confidential and/or proprietary.

2. Any document or information that a Party deems to contain **Confidential Information** and that is furnished by such Party shall be conspicuously labeled by such Party on each page of such document with the designation "**Confidential.**" The label shall not obscure or make the contents of any portion of a document or information to which it is affixed unreadable or undecipherable. Alternatively, a Party may designate **Confidential Information** it has furnished by identifying by Bates number the documents it has produced and deems to contain **Confidential Information**. If a Party deems any documents or information furnished by a third party to contain **Confidential Information**, that Party shall designate such documents or information **Confidential Information** by informing the other Party in writing and identifying the specific documents and information it seeks to designate as **Confidential Information**.

3. **Confidential Information**, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. **Confidential Information** may be used only for the prosecution or defense of this lawsuit and not for any other pending or threatened proceeding, or any other purpose. Except as expressly permitted herein or by further order of this Court, all **Confidential Information** shall be maintained and kept by the other Party in this case in a confidential manner. **Confidential Information** shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 4 hereof.

4. The following persons shall be the only persons permitted to have access to **Confidential Information** and such access shall be subject to the limitations set forth below:

(a) counsel for the Parties, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this action;

(b) the Parties, including insurers, to this action and the officers, directors, adjusters or employees of the Parties who are actively participating in the prosecution or defense of this action;

(c) witnesses or potential witnesses whom counsel for the Parties reasonably deem necessary for the preparation and trial of this action;

(d) mediators enlisted by all Parties to assist in the resolution of this matter; and

(e) the Court and court reporters engaged to record depositions, hearings or trials in this action.

5. All persons receiving any **Confidential Information** under paragraph 4(c) above shall first sign an Acknowledgment that reflects their commitment to preserve the confidentiality of all information so designated, which Acknowledgment shall be on the form annexed hereto. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown.

6. Before filing any information that has been designated **Confidential Information** with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Party that designated the information **Confidential Information** about how it should be filed. If the Party that designated the information **Confidential Information** desires that the materials be filed under seal, then the filing Party shall file the materials under seal, with notice served upon the Party that designated the information **Confidential Information**. The filing of the materials under seal shall not be

binding on the Court. However, within 10 days of service of such notice, the Party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another Party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

7. All deposition transcripts and testimony shall be treated as **Confidential Information** until thirty (30) days after receipt of the transcript by the Parties who requested the transcript. If a Party desires to designate any portion of a deposition transcript and testimony as **Confidential Information** beyond the previously specified period, that Party shall have thirty (30) days after receipt of the transcript to designate portions of the transcript as **Confidential Information** and inform counsel of record in writing of such designation.

8. If a Party inadvertently fails to designate a document or other information as **Confidential Information**, that Party may thereafter designate the document or other information as **Confidential Information** provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. Thereafter, such

document or information shall be subject to the provisions of this Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party. Any inadvertent or unintentional disclosure by the supplying Party of **Confidential Information** (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege or the attorney work-product doctrine, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, attorney-client or work-product privileges, provided that the supplying Party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Unless obvious, a receiving Party shall be entitled to rely on the absence of the "Confidential" designation, and shall not violate this Order by good faith disclosure of information during the time it was not designated as **Confidential Information**.

9. Within thirty (30) days after the conclusion of this litigation, the receiving Party shall either return (at the disclosing Party's expense) or certify destruction of all originals and copies of each document that another Party has designated as **Confidential Information** to the designating Party.

10. If a Party disagrees with the designation of **Confidential Information** by the other Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If it is necessary to present the dispute to the Court for resolution, it shall be up to the Party opposing the designation to seek from the Court an order removing the disputed **Confidential Information** designation. Unless and until the Court shall issue a final ruling on any disputed **Confidential Information** designation, the material in question shall continue to be treated by all Parties as **Confidential Information**.

11. Nothing in this Order shall prevent disclosures beyond the terms of this Order: (a) by any Party to any state or federal regulator or agency, (b) by the Party that designated the information as **Confidential Information**, (c) if the Party that designated the information as **Confidential Information** consents to such disclosure, or (d) if the Court, after notice to all affected Parties, orders such disclosure.

12. If, in another action or proceeding, any person possessing **Confidential Information** receives or has received a subpoena, summons, or demand which seeks **Confidential Information**, the person receiving the subpoena or document demand (a) shall, to the extent not prohibited by law, give written notice by email within two business days of the receipt of such subpoena or demand to undersigned counsel for the Party or Parties that produced and/or designated the **Confidential Information** and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved. The person giving notice under subparagraph 12(a) shall not be required to obtain receipt confirmation to comply with this paragraph.

13. Nothing in this Order shall prevent any Party from offering, using or disclosing **Confidential Information** in connection with the trial of this Action or any hearing or other proceeding in this Action. Nothing in this Order shall prevent any producing Party from seeking additional protection regarding the production, use or disclosure of **Confidential Information** in connection with any hearing or other proceeding in this Action. Nothing in this Order shall prevent any Party from opposing the production of any information for reasons other than confidentiality.

14. This Order is without prejudice to the right of any Party to seek modification or amendment of this Order by further order of the Court upon motion and notice.

**SO ORDERED.**

*CONSENT OF THE PARTIES:*

David S. Cayer
United States Magistrate Judge

**Counsel for Plaintiff**

/Stuart H. Russell
Stuart H. Russell (N.C. State Bar No. 34959)
WILSON HELMS & CARTLEDGE, LLP
110 Oakwood Drive, Suite 400
Winston-Salem, North Carolina 27103
Telephone: 336-631-8866
Facsimile: 336-631-9770
srussell@whclawfirm.com


**Counsel for Defendant**

/s/Gillian S. Crowl
Gillian S. Crowl (N.C. Bar No. 42227)
Christopher M. Kelly (N.C. Bar No. 24346)
GALLIVAN, WHITE & BOYD, P.A.
Post Office Box 12250
Charlotte, NC  28211
Telephone:  704-552-1712
Facsimile:  704-362-4850
gcrowl@gwblawfirm.com
ckelly@gwblawfirm.com

Signed: June 12, 2014

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RPM PLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ACKNOWLEDGEMENT** |
| | ) | |
| vs. | ) | |
| | ) | **File No.: 5:14-cv-00050** |
| JOE TEX XPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

I have read and am familiar with the terms of the Consent Protective Order governing the disclosure of Confidential Information produced by the Parties or third parties in the above-captioned proceeding. I hereby agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of the above captioned lawsuit.

This the ___ day of _____, 2014.

_____

Name: _____

Date: _____

4852-1149-0075, v. 1