IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILEE DIVISION
CIVIL ACTION NO. 5:14-CV-50

| | | |
|---|---|---|
| RPM PLASTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOE TEX XPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Joe Tex XPRESS, Inc.'s ("Joe Tex") Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 15), to which Plaintiff RPM Plastics, LLC ("RPM") has responded, (Doc. 18). The matter is ripe for disposition.

Joe Tex claims that the second cause of action for breach of contract and the request for attorney's fees should be dismissed because of the preemptive force of the Carmack Amendment, 49 U.S.C. § 14706. (Doc. 15-1, at 2).

I. MOTION TO DISMISS STANDARD

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8).

Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims

across the line from conceivable to plausible." *Twombly*, 500 U.S. at 555, 570; *see Iqbal*, 556 U.S. at 662. Under *Iqbal*, the court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth. Second, it determines whether the factual allegations, which are accepted as true, "plausibly suggest an entitlement to relief." 556 U.S. at 681.

Under a motion to dismiss under 12(b)(6), the court must accept as true all factual allegations in the pleading and all reasonable inferences must be drawn in the non-movants favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

## II. ANALYSIS

RPM states that the Court may not dismiss the second cause of action because of Federal Rule of Procedure 8(d)(2). Rule 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

"In construing Rule 8(d)(2), which was previously Rule 8(e)(2), courts have found that 'it would be inappropriate for the court to construe one claim in [the] complaint as an admission against the propriety of another alternative or inconsistent claim in the same complaint.'" *Purcell v. City of Greensboro*, 1:11CV577, 2012 WL 1718763 at *3 n.1 (M.D.N.C. May 14, 2012) (quoting *In re Lee Memory Gardens, Inc.* No. 02-82662C-7G, 2004 WL 3510103, at *2 (M.D.N.C. Nov. 14, 2004)).

Here, the Breach of Contract is set out in a different count than the Carmack Amendment Cause of Action. (Doc. 9). Therefore, the Court **DENIES** Defendant's Motion to Dismiss.

III. **DECRETAL**

**IT IS, THEREFORE, ORDERED** that Defendant Joe Tex Xpress, Inc.'s Motion to Dismiss (Doc. 15) be **DENIED.**

Signed: November 21, 2014

Richard L. Voorhees
United States District Judge